**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TENSTREET, LLC, an Oklahoma limited liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>DRIVERREACH, LLC, an Indiana limited liability company,<br><br>                Defendant. | Civil No. 1:18-cv-3633<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

      Plaintiff Tenstreet, LLC ("Tenstreet") hereby complains of Defendant DriverReach, LLC ("Defendant" or "DriverReach") and alleges as follows:

## I. JURISDICTION AND VENUE

      1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the patent laws of the United States.

      2.    This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district, including by maintaining its principal place of business in this judicial district, selling and offering for sale infringing products in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing employment verification solutions products, including DriverReach's VOE Plus Solutions ("VOE Plus") product, directly to consumers and/or retailers in this district, and selling into the stream of commerce knowing such products would be sold in Indiana and this district, which acts form a substantial part of the events giving rise to Tenstreet's claim.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

## II.  THE PARTIES

4. Plaintiff Tenstreet is a limited liability company organized and existing under the laws of the state of Oklahoma, having its principal place of business at 120 W. 3rd Street, Tulsa, Oklahoma 74103.

5. Tenstreet is informed and believes, and thereon alleges, that Defendant DriverReach is a limited liability company organized and existing under the laws of the state of Indiana and has a principal place of business at 8440 Woodfield Crossing Blvd, Suite 500, Indianapolis, Indiana 46240.

6. Tenstreet is informed and believes, and thereon alleges, that DriverReach has committed the acts alleged herein within this judicial district.

## III.  GENERAL ALLEGATIONS

7. Tenstreet is engaged in the development and sale of software solutions and related services for the transportation industry, including employment verification products. Tenstreet develops and retails software products, including the Xchange™ employment verification product, which have enjoyed substantial success and are protected by various intellectual property rights owned by Tenstreet.

8. On March 27, 2012, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,145,575 ("the '575 patent"), entitled "Peer to Peer Sharing of Job Applicant Information." Tenstreet is the owner by assignment of all right, title, and interest in the '575 patent. A true and correct copy of the '575 patent is attached hereto as Exhibit A.

9. Defendant makes, uses, sells, and offers for sale in the United States employment verification solutions products that infringe Tenstreet's intellectual property rights.

10. Defendant was familiar with Tenstreet's intellectual property rights as a result of a prior relationship between Tenstreet and an individual who is now a principal of Defendant, during which this individual accessed Tenstreet's Xchange™ employment verification product.

11. On August 22, 2018, Tenstreet sent Defendant a cease and desist letter identifying and providing the '575 patent. In its letter, Tenstreet identified Defendant's VOE Plus product as potentially infringing the '575 patent. In addition, on October 22, 2018, Tenstreet provided Defendant with a preliminary claim chart, identifying each limitation of claim 1 of the '575 patent that is met by Defendant's VOE Plus product.

## IV. **FIRST CLAIM FOR RELIEF**

### **INFRINGEMENT OF U.S. PATENT NO. 8,145,575**

12. Tenstreet incorporates paragraphs 1 through 11 herein by reference.

13. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

14. Tenstreet is the owner by assignment of the '575 patent with sole rights to enforce the '575 patent and sue infringers.

15. The '575 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the U.S. Code.

16. Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '575 patent by making, using, selling, and/or offering for sale employment verification solutions products, including Defendant's VOE Plus product, that

practice the methods claimed in the '575 patent. Defendant has infringed and continues to infringe the '575 patent in violation of 35 U.S.C. § 271.

17. On information and belief, Defendant's VOE Plus product includes a network comprising a computerized exchange in communication with one or more requesters, providers, and job applicants. The exchange manages one or more interactions of each requester, provider, and job applicant with the exchange. Each requester is seeking verification data about one or more applicants. Each provider is an entity in possession of the verification data of one or more job applicants and provides the verification data in response to a request for the verification data. The verification data discloses the status of the job applicant during a period of time. Defendant's VOE Plus product allows one or more communication channels to interface with the exchange. Defendant's VOE Plus product assigns an attribute to each requester, provider, and job applicant, and the attribute defines a communication channel accessible to each requester, provider, and job applicant in transmitting data to the exchange and receiving data from the exchange. Defendant's VOE Plus product receives a verification request from a requester through that requester's communication channel. Defendant's VOE Plus product also by the computerized exchange, compares the verification request with requirements. Defendant's VOE Plus product routs the verification request to a provider through the communication channel of the provider and receives verification data provided by the provider in response to a verification request through the communication channel of the provider. Defendant's VOE product also routs the received verification data through the communication channel of the requester. At least one requester is also a provider for a second requester, and at least one provider is also a requester for a second provider, the at least one requester providing verification data to the exchange for a period of time in which a respective job applicant was employed by the at least one requester, and the second provider providing verification data to the exchange of a period of

4

time in which the same or a different respective job applicant was employed by the second provider.

18. Upon information and belief, the Defendant's infringement of the '575 patent is, and has been, willful, deliberate, and intentional by committing these acts of infringement with knowledge of the '575 patent and thus, acting in reckless disregard of Tenstreet's patent rights.

19. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

20. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Tenstreet and will continue to do so unless Defendant is enjoined and restrained by this Court.

**WHEREFORE**, Tenstreet prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the '575 patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the '575 patent in violation of 35 U.S.C. § 271;

C. An Order requiring Defendant to account for all gains, profits, and advantages derived by Defendant's infringement of the '575 patent in violation of 35 U.S.C. § 271, and requiring Defendant to pay to Tenstreet all damages suffered by Tenstreet and at least a reasonable royalty;

  D. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

  E. An Order adjudging that this is an exceptional case;

  F. An award to Tenstreet of the attorneys' fees and costs incurred by Tenstreet in connection with this action pursuant to 35 U.S.C. § 285;

  G. An award of pre-judgment and post-judgment interest against Defendant;

  H. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Tenstreet, LLC hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 20, 2018

*/s/James W. Riley, Jr.*
James W. Riley, Jr. (No. 6073-49)
RILEY BENNETT EGLOFF LLP
141 East Washington Street, Fourth Floor
Indianapolis, IN 46204
Tel: (317) 636-8000
Fax: (317) 636-8027
 *jriley@rbelaw.com*

Michael K. Friedland (*pro hac vice* pending)
Lauren Keller Katzenellenbogen (*pro hac vice* pending)
Karen M. Cassidy (*pro hac vice* pending)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
 michael.friedland@knobbe.com
 lauren.katzenellenbogen@knobbe.com
 karen.cassidy@knobbe.com

*Attorneys for Plaintiff*
*Tenstreet, LLC*