UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TENSTREET, LLC, an Oklahoma limited liability company,<br><br>          Plaintiff,<br><br>  vs.<br><br>DRIVERREACH, LLC, an Indiana limited liability company,<br><br>          Defendant. | Civil No. 1:18-cv-3633-JRS-TAB |

**DEFENDANT'S PRELIMINARY WITNESS AND EXHIBIT LISTS**

Defendant DriverReach, LLC ("DriverReach"), by counsel, submits the following Preliminary Witness and Exhibits Lists.:

**I.   WITNESSES**

1. Jeremy Reymer;

2. Steve Iskander;

3. Sam Bloomquist;

4. DriverReach's non-infringement technical expert;

5. DriverReach's invalidity expert;

6. DriverReach's damages expert;

7. Any witness who is knowledgeable about the design, functionality, or operation of any Tenstreet product or service that allegedly practices any claim of the '575 Patent, including, but not limited to, the named inventors of the '575 Patent;

8. Any witness who is knowledgeable about the sales, revenue, and commercial success of any Tenstreet product or service that allegedly practices any claim of the '575 Patent;

9. Any individual deposed in this matter, identified during a deposition, or otherwise identified in discovery in this matter;

10. Any individual identified in documents produced by parties and non-parties in this matter;

11. Any individual identified on any disclosures or witness lists filed or served by any party in this matter, including any supplements or amendments thereto;

12. Any witnesses necessary to authenticate exhibits or establish business records;

13. Any witnesses necessary for purposes of impeachment or rebuttal; and

14. Any witnesses who are unknown at this time but will be promptly disclosed to the Court and all counsel of record at such time when the need for testimony becomes known.

DriverReach reserves the right to amend or supplement its preliminarily identified witnesses subject to its ongoing investigation of Plaintiff's claims and the pending discovery process. DriverReach reserves the right to use at trial witnesses not identified herein but who are subsequently identified during discovery.

**II. EXHIBITS**

1. Certified copy of U.S. Patent No. 8,145,575 ("the '575 Patent")

2. Certified copy of the prosecution history of the '575 Patent;

3. Patent applications related to the '575 Patent and certified copies of their respective file histories, including but not limited to U.S. Provisional Patent

        Application No. 60/911,178 (filed Apr. 11, 2007) and U.S. Patent Application Nos. 13/411,163 (filed Mar. 2, 2012) and 14/046,269 (filed Oct. 4, 2013);

4. Prior art to the '575 Patent, including, e.g., prior art patents, prior art printed publications, prior art disclosures, prior art sales, and/or any other form of prior art permissible under controlling law;

5. Documents relating to the design, functionality, or operation of any Tenstreet product or service that allegedly practices any claim of the '575 Patent;

6. Documents related to the sales, revenue, and commercial success, if any, of any Tenstreet product or service that allegedly practices any claim of the '575 Patent;

7. Documents relating to the technical field(s) related to the '575 Patent and DriverReach's VOE Plus product;

8. Documents relating to the design, functionality, or operation of DriverReach's VOE Plus product;

9. Documents relating to the design, development, marketing, sales, and profits of DriverReach's VOE Plus product;

10. Documents relating to the relevant market and competition;

11. Documents relating to the alleged damages Plaintiff is claiming, including all documents that refute any such claims;

12. Documents relating to the allegations in Plaintiff's Complaint, including all documents that refute any such allegations;

13. Documents produced by any party in discovery;

14. Documents any non-party produces in discovery in this matter.

15. All depositions and documents made exhibits to depositions in this matter;

16. All documents identified on any disclosures or exhibit lists filed or served by any party in this matter, including any supplements or amendments thereto;

17. All non-privileged statements, declarations, or affidavits taken by either party (or the representatives of either party) during investigation of the allegations in the Complaint;

18. All relevant documents subsequently identified; and

19. All documents necessary for impeachment or rebuttal.

DriverReach reserves the right to amend or supplement its preliminarily identified exhibits subject to its ongoing investigation of Plaintiff's claims and the pending discovery process.  DriverReach reserves the right to use at trial exhibits not identified herein but which are subsequently identified during discovery.

Dated:  March 14, 2019               Respectfully submitted,

  /s/ Andrew M. McCoy
**FAEGRE BAKER DANIELS LLP**
Andrew M. McCoy, No. 28297-49
Andrew.mccoy@faegrebd.com
Louis T. Perry, No. 25736-49
Louis.Perry@faegrebd.com
300 N. Meridian St., Suite 2700
Indianapolis, IN  46204
Tel: 317-237-0300
Fax: 317-237-1000

**Attorneys for Defendant, DriverReach, LLC**

US.122304913.03